Honorable Judge Karen A. Overstreet
Chapter 11
Hearing Location: Seattle
Hearing Date: January 29, 2010
Hearing Time: 9:30 AM

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>VLADIMIR GUREVICH and<br>LUDMILA GUREVICH<br><br><br><br>Debtors | Chapter 11 Bankruptcy<br><br>No.: 09-13244-KAO<br><br>OBJECTION TO CONFIRMATION<br>BY CHASE HOME FINANCE, LLC |

Chase Home Finance, LLC ("Creditor"), objects to confirmation of the proposed amended Chapter 11 plan dated December 18, 2009 (The "Plan") of Vladimir Gurevich and Ludmila Gurevich ("Debtor" collectively hereafter).  The basis for this objection is that the Plan does not comply with the provisions of Title 11, Chapter 11 of the United States Bankruptcy Code and thus should not be confirmed by the Court.

## I.    BACKGROUND

On or about April 9, 2004, Vladimir Gurevich and Ludmila Gurevich executed and delivered a note in favor of Union Planters Bank, NA in the original principal amount of $214,400.00.  This Note was secured by a Deed of Trust ('Deed') encumbering real property commonly described as 22381 NE 101ST Place Redmond, WA 98053 ('Property').  Creditor is the holder of the note or services the note for the holder.

On April 5, 2009, Debtor filed for protection under Title 11, Chapter 11 of the United States Code under cause number 09-13244-KAO in the above listed court.

Objection to Confirmation
Page - 1

**ROUTH CRABTREE OLSEN, P.S.**
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

The outstanding balance due on the Note as of filing is approximately $199,162.47.  There are no pre-petition arrears.  The current ongoing monthly payment is $1,582.58.

## II.    ARGUMENT AND AUTHORITY

Creditor objects to confirmation because the proposed plan fails to provide for Creditor's current contractual interest rate of 5.625%.  Under 11 U.S.C. § 1123(b)(5), a plan may not modify the rights of a holder of a claim secured only by an interest in real property that is the Debtor's principal residence.  According to the terms of the proposed plan, the applicable interest rate shall be 5% if the interest rate for a particular claim is left unspecified.  The propsed plan does not specify an applicable interest rate for Creditor's claim, and the proposal to pay interest at a rate of only 5% is an impermissible modification of Creditor's rights.  The plan should be amended to provide for the contractual interest rate of 5.625%.

## III.    CONCLUSION

For all of the above reasons, the proposed Chapter 11 plan fails to comply with the requirements of Title 11 of the United States Code.  Therefore, Creditor respectfully requests the Court deny confirmation of the proposed Chapter 11 plan.  If the court sustains this objection and denies confirmation, Creditor respectfully requests that the Court set a deadline by which an amended plan is to be filed.

DATED this <u>23</u> day of <u>December</u> 2009.


**ROUTH CRABTREE OLSEN, P.S.**
Attorneys for Creditor


    __/s/  Melissa Williams Romeo_____
By:  Melissa Williams Romeo, WSBA# 40644

**ROUTH CRABTREE OLSEN, P.S.**
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ✦ FACSIMILE (425) 458-2131