# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. 09-13244 |
|---|---|
| Vladimir and Ludmila Gurevich | CHAPTER 11 PLAN and DISCLOSURE STATEMENT <br> _____Original     ___xx___2nd Amended |
| Debtors | Date: ____12-29-09_____ |
| | |

Comes now the debtor and submits this Combined Disclosure Statement and Plan.

The purpose of this Disclosure Statement and Plan is to provide to all of debtors' known creditors that information which is deemed by debtors to be material, important and necessary for their creditors to arrive at a reasonably informed decision in exercising their right to vote on the acceptance of the Plan.

Prior to the solicitation of votes by the debtors in favor of the Plan, this Disclosure Statement must be preliminarily approved by the court with the Court hearing the final adequacy of the Statement at the time of confirmation; the court's approval means that the court deems the Disclosure Statement contains the necessary information for the creditors

Plan and Disclosure Statement 1

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

of the debtors to make an informed judgment whether to vote in favor of the Plan, but the court is not ruling on the merits of the Plan.

The debtor will solicit your vote for acceptance of the Plan. Your acceptance is important: in order for the Plan to be accepted, at least a majority in number of those claims voting in each class, and at least a two-third majority in dollar amount of those claims voting in each class, must vote for the Plan. You should return your ballot to the address given thereon by the date given on the ballot. The Order Approving the Disclosure Statement (enclosed) will state the time and place of the hearing on confirmation of the Plan.

NO REPRESENTATIONS CONCERNING THE DEBTOR (PARTICULARLY AS TO FUTURE: BUSINESS OPERATIONS VALUE OF PROPERTY, OR THE VALUE OF ANY PROMISSORY NOTES! TO BE ISSUED UNDER THE PLAN) ARE AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS STATEMENT. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE YOUR ACCEPTANCE WHICH ARE OTHER THAN AS CONTAINED IN THIS STATEMENT SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT YOUR DECISION, AND SUCH ADDITIONAL REPRESENTATIONS AND INDUCEMENTS SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR WHO IN TURN SHALL DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION AS MA Y BE DEEMED APPROPRIATE.

THE INFORMATION CONTAINED HEREIN HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT. THE RECORDS KEPT BY THE DEBTOR ARE DEPENDENT UPON ACCOUNTING PERFORMED BY OTHERS BEYOND THE CONTROL OF THE DEBTOR. FOR THE FOREGOING REASON, AS WELL AS BECAUSE OF THE

Plan and Disclosure Statement 2

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

COMPLEXITY OF THE DEBTORS' FINANCIAL MATTERS, THE DEBTORS ARE UNABLE TO WARRANT OR REPRESENT THAT THE INFORMATION CONTAINED HEREIN IS WITHOUT ANY INACCURACY, ALTHOUGH GREAT EFFORT HAS BEEN MADE TO BE ACCURATE.

Disclosures <u>by Debtor</u>:

1. How did debtors get in trouble that caused them to declare Chapter 11.

The house market was booming and couple of years ago the debtor bought 2 properties; single house in Snohomish and town home in Issaquah as an investment properties. They were hoping to make some money for our future retirement. In order to do that, they took out equity loan from their primary residence house in Redmond to do down payments for the two new houses. When they bought it, Vladimir Gurevich was working at Verizon Wireless and was making about $72,000 a year and Ludmila Gurevich was making about $32,000. Therefore, their income was quite good and they could afford to buy 2 homes as an investment. It worked very well for them first year but then house values started slowly declined every year, and by 2007 value of their house valued dropped substantially.. When they tried to refinance the investment houses no one wanted to help them because property value declined so much that there was no equity more left in the houses. Also their main home loan was variable (or non-fixed) and the underlying mortgage company started increasing monthly payments on the houses.

In the meantime their income has dropped. In the end of 2007 they then started a new business – they were distributors for Travel club. Things were going well at the beginning but by summer of 2008 because of declining economy their business starting declining

Plan and Disclosure Statement 3

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

Case 09-13244-KAO   Doc 54   Filed 01/13/10   Ent. 01/13/10 17:33:26   Pg. 3 of 13

very sharp and they had huge loses. They tried to survive in business and started putting more and more on credit cards but by the end of August of 2008 they had to shut down the business and ended up with huge debts. They were trying to work out deals with banks and get some kind of monthly loan payments reductions but once again, no one wanted to help with loan modifications. Unfortunately so much came at once: they lost their business, theirr mortgages has been increased, and their income has been reduced. They could not keep up anymore with their monthly payments and had no choice but declare Chapter 11.

2. What are the debtors expect to get out of Chapter 11.

Since they declared Chapter 11, they are not using any credit cards anymore. They started live only on what they can budget. A recap of their US Trustee monthly reports, show Income and Expenses for the last 6 months:

Average for the last 6 month income :

Ludmila - $2,500

Vladimir - $3,326

Carnation rent - $1,000

Total average income was $6,626 a month.

Average for the last 6 month expenses:

Food, household expenses, living expenses – $706

Utilities and house costs - $958

Other, transportation, clothing, insurance - $1,083

Gas and repairs - $290

New mortgages per this plan - $2,982

Details:

1. Chase Bank for Redmond house - $1,582

2. National City Equity line on Redmond house - $998

Plan and Disclosure Statement 4

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

       3. Eastside Commercial Bank - Carnation Barber Shop - $ 600.00

         New (average) for a month with adjusted mortgages - $6,019

Income verses expenses ( Net left over average) -  $600 less about $200/mo. for taxes which are not automatically withheld from wages; $400 mo. shall be committed to the Plan.

**PLAN:**

**1. Plan Payments:**

   No later than 30 days after the confirmation of this Plan or any amended Plan, the Debtor(s) will commence making payments of the debtor(s) projected disposable income to the creditors as follows:

a.  AMOUNT: $ __400.00___Monthly, of which priority and administrative claims to be paid first, then general unsecured claims.  It is expected that the unsecured creditors will receive $300/mo.

b. PAYMENTS: Plan payments shall be on the 20th day of each month until the Plan completes unless otherwise provided for herein.

**2. Plan Duration:**

   Debtor(s) estimate the Plan will run approximately __60__ months unless sooner paid..

**3. Distribution of Plan Payments:**

The Debtor shall disburse funds received in the following order:

A. ADMINISTRATIVE MATTERS AND  EXPENSES:

   1.  <u>US Trustee</u>. US Trustee's fees shall be paid current, and until the case is closed.

     2.  Upon the effective date of the Plan and the commencement of the making the distributions and payments called for under the Plan, the debtor may submit a

Plan and Disclosure Statement 5

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

request for administrative closing of this case, subject to reopening as provided in ¶3 below.

3. Upon completion of the payments required under the Plan, the debtor may file with the Court and serve copies on the US Trustee and on all creditors having allowed claims in these proceedings, of a Motion and Order of Discharge and Declaration of Completion containing the required elements and findings under §1141(d)(5)(A) or (B), and reopen this matter without filing fee for entry of an Order granting the debtor a discharge. Trustee's fees shall be paid from the debtor's projected disposable income payment into the Plan until the case is administratively closed. .

4. <u>Other administrative expenses</u>. As allowed pursuant to 11 USC §§ 507(a)(2).

5. <u>Attorney's Fees</u>:   Unpaid attorneys fees shall be paid as a court ordered payment as a necessary expense of these proceedings. Estimated to be $3,500.

B. CURRENT DOMESTIC SUPPORT OBLIGATION: Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order as follows (if left blank, no payments shall be made by the Trustee):

| **Creditor** | **Monthly amount** |
|---|---|
| N/A | $ |

C. SECURED CLAIMS: Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order, as stated below.  Unless ranked otherwise, payments to creditors will be disbursed at the same level. Secured creditors shall retain their liens until the payment of the underlying debt, determined under non bankruptcy law, or discharge under 11 USC § 1141, as appropriate.  Secured creditors, other than current mortgage payments and continuing payments, will be paid the amount of their claim or

Plan and Disclosure Statement 6

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

the value of their collateral, whichever is less, plus per annum uncompounded interest from the Petition filing date. Interest rate and monthly payment in the Plan control unless a creditor timely files an objection to confirmation. Value of collateral stated in the Proof of Claim controls unless otherwise ordered following timely objection to claim. The unsecured portion of any claim shall be paid as a nonpriority unsecured claim unless entitled to priority by law. **Any creditors holding allowed secured claims not specified below shall not receive payment from the Plan.** If the interest rate is left blank, the applicable interest rate shall be 5%.

1. <u>Payments That Will Continue Beyond The Term Of The Plan</u> (Interest included in payments at contract rate, if applicable):

| Rank | Creditor | Nature of Debt | Property | Monthly Payment |
|---|---|---|---|---|
| 1 | Chase Home Finance | mortgage | NE 101st Pl. | 1582.58 |
| | This loan shall include interest at the contract rate of 5.625% | | | |
| 1 | National City Mortgage | 2nd mortgage | NE 101st Pl. | 998.49 |
| | **This loan shall be restructured to be paid over 30 years at 5% interest as a conventional mortgage loan. (Loan is currently "interest only".)** | | | |
| 1 | Eastside Commercial Bank | mortgage | Tolt Ave. | $600.00 |
| | **This loan shall be restructured to be amortized over a [approximately] 18 year amortization period, but shall balloon and become fully due 6 years from the effective date of the plan; interest to accrue at 7.5% simple interest. (Loan currently balloons in 2009).** | | | |

2. <u>Mortgage Arrearage /Property Tax Arrearage Payments</u>:

N/A


3. <u>Other Claims Secured by Personal Property</u>:

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

Plan and Disclosure Statement 7

Case 09-13244-KAO    Doc 54    Filed 01/13/10    Ent. 01/13/10 17:33:26    Pg. 7 of 13

(a). Unless written consent to the alternative treatment as set forth below is filed with the court, the trustee shall pay the contract balance as stated in the Proof of Claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the debtor(s) **within 910 days** preceding the filing date of the Petition or in other personal property acquired within **one year** preceding the filing date of the Petition as follows. Debtor(s) stipulate that pre-confirmation adequate protection payments shall be paid by the Trustee as specified. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

    (i). Payment of contractual balance

**N/A**

    (ii). Proposed Alternative Treatment, which shall not be binding upon the creditor without written consent filed with the court.

**N/A**

(b). The following secured claims are **not** for a motor vehicle acquired for the personal use of the Debtor(s) within 910 days preceding the filing date of the Petition and are **not** for other personal property acquired within one year preceding the filing date of the Petition If no amount is specified, the DEBTOR shall pay the amount stated as the "Equal Periodic Payment".

**N/A**

D. PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 USC § 507(a).

**n/a**

E. NONPRIORITY UNSECURED CLAIMS: From the balance remaining after the above payments, the Trustee shall pay filed and allowed nonpriority unsecured claims as follows:

**n/a**

Plan and Disclosure Statement 8

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

Case 09-13244-KAO    Doc 54    Filed 01/13/10    Ent. 01/13/10 17:33:26    Pg. 8 of 13

1. Other Unsecured Claims. The Debtor(s) will pay their projected disposable income for no less than the Applicable Commitment Period of 60 months:

___xx___ (b). Pursuant to 11 USC § 1129(a)(15) the debtors shall pay their projected disposable income computed over the next 60 months, which disposable income equals the debtor(s) current monthly income less amounts reasonably necessary to be expended under the means test, and as necessary to pay other claims [secured, priority, and specially classified unsecured claims] which have priority over Class E(1) claims, that would then net to this Class E(1) approximately $__300.00__ per month, pro rata, or $18,000.00, and not less than that total amount shall be distributed to allowed nonpriority unsecured claims. Upon the completion of said payments, which may be made by monthly payments of $300 per month or more, the Plan will be completed and the debtors may apply for their discharge.

**4. Secured Property Surrendered**:

The secured property described below will be surrendered to the following named creditors on confirmation. Upon confirmation, all creditors to which the debtor is surrendering property pursuant to this paragraph are granted relief from the automatic stay to enforce their security interest against the property including taking possession and sale. **No further claim or deficiency shall be allowed under the Plan and return of the property securing the debt shall constitute full satisfaction of the claim.**

| **Creditor** | **Property to be Surrendered** |
|---|---|
| A. Countrywide Home Loans (Bank of America) | 21237 SE 42nd Pl., Issaquah, WA |
| B. GMAC | 11626 SE 59th Dr., Snohomish, WA. |

**5**. **Executory Contracts and Leases**:

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

Plan and Disclosure Statement 9

Case 09-13244-KAO    Doc 54    Filed 01/13/10    Ent. 01/13/10 17:33:26    Pg. 9 of 13

The Debtor(s) will assume or reject executory nonresidential contracts or unexpired leases as noted below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the Debtor(s) under Paragraph 6, unless otherwise specified in Paragraph 10 with language designating that payments will be made by the Trustee, the amount and frequency of the payments, the ranking level for such payments with regard to other creditors, the length of the term for continuing payments and the interest rate, if any, for cure payments. Any executory contract or unexpired lease not assumed pursuant to 11 USC § 365(d) is rejected. If rejected, the Debtor(s) shall surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages shall be paid under Paragraph 3E2.

**Contract/Lease**            **Assumed or Rejected**

n/a

**6. Other Payments to be Made by Debtor(s)**

A. DOMESTIC SUPPORT OBLIGATIONS: The claims of the following creditors owed domestic support obligations shall be paid directly by the Debtor(s) as follows:

**Creditor** **Current Monthly Support Obligation**    **Monthly Arrearage Payment**

n/a

B. OTHER DIRECT PAYMENTS:

**Creditor**     **Nature of Debt**     **Amount of Claim**   **Monthly Payment**

n/a

**7. Revestment of Property**

Unless otherwise provided in Paragraph 10, during the pendency of the plan all property of the estate shall remain vested in the Debtors, except that earnings and income necessary to complete the terms of the Plan shall remain vested in the Trustee until discharge. The

Plan and Disclosure Statement 10

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

Case 09-13244-KAO    Doc 54    Filed 01/13/10    Ent. 01/13/10 17:33:26    Pg. 10 of 13

Debtor(s) shall not, without approval of the Court, sell or otherwise dispose of or transfer real property other than in accordance with the terms of the confirmed Plan.

**8. Liquidation Analysis**

No less than $____0____ shall be distributed to priority and nonpriority unsecured claims. Under 11 USC §§ 1129(a), interest on allowed unsecured claims under Paragraphs 3D and 3E shall be paid at the rate of __0-____% per annum from the Petition filing date (no interest shall be paid if left blank).

**9. Certification**:

A. The Debtor(s) certifies that all post-petition Domestic Support Obligations have been paid in full on the date of this Plan and will be paid in full at the time of the confirmation hearing.

**10. Other Plan Provisions**: (must be separately numbered):

(a) No monies shall be paid to general unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full; provided that no claim shall be paid before it is otherwise due to that creditor notwithstanding this bankruptcy.

(b) Secured creditors shall not assess on their books or otherwise collect against the debtor(s) herein any late charges or fees, provided payments from the debtor are current under the Plan during the term of the plan or as of the completion of the Plan.

(c) The mailing of any of the notices, statements or other information to the debtor(s) by secured creditors or their agents or attorneys shall not be a violation of the automatic stay or privacy laws.

(d) The debtors shall remain in possession of their assets and make the payments herein without the necessity of a disbursing agent.

Plan and Disclosure Statement 11

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

11. **Retain Jurisdiction**. This Court shall retain jurisdiction of this Chapter 11 case pursuant to provisions of the Bankruptcy Code, until the proceedings are closed, and, specifically, shall retain jurisdiction to hear or determine the following matters:

To enable the Debtor to consummate any and all proceedings which may be brought prior to or subsequent to the Order of Confirmation, to avoid or set aside liens or encumbrances, to object to claims or to the allowance thereof, to recover any preferences, transfers, assets (including accounts) or damages as entitled under the applicable provisions of the Bankruptcy Code or other federal, state, or local law, and to continue all related contested matters or adversary proceedings pending on the confirmation date or filed in the Court thereafter.

To classify, allow or disallow claims and direct distribution of funds under the Plan and to adjudicate all controversies concerning the classification, treatment or allowance of any claim.

To enforce performance of the Plan. To hear or determine all claims arising from the rejection of executory contracts, including leases, and to consummate the rejection and termination thereof.

To liquidate damages in connection with any disputed contingent or un-liquidated claim.

To recover all assets and properties of the estate wherever located.

To hear and determine matters concerning state, local and federal taxes.

To hear and determine such other matters and makes such Orders as are necessary and appropriate to carry out the provisions of the Plan.

12. **Completion**. The plan shall be substantially completed upon the distributions to be made on the effective date of the plan, and the case may be administratively closed

Plan and Disclosure Statement 12

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

Case 09-13244-KAO   Doc 54   Filed 01/13/10   Ent. 01/13/10 17:33:26   Pg. 12 of 13

thereafter without impairing any rights or provisions as provided in this plan. After final completion of the Plan, the debtor may request an Order reopening the case and granting the debtor's discharge under Section 1141.

13. **Default**. In the event of default, the creditor occasioning said default shall give the debtor 30 days notice of default and opportunity to cure. If said default is not cured within said period, the creditor shall be entitled to enforce the entitlement under this Plan in any court of competent jurisdiction. Further, the holder of an allowed claim pursuant to Section 507(a)(8) of the Bankruptcy Code shall be entitled to automatically resume collection activities against the Debtor, without first obtaining this court's approval, if the Debtor fails to cure any default in repayment under the confirmed plan within thirty (30) days of receiving written notice of default from such holder. Secured creditors whose loans are restructured under this Plan shall treat said loans as current and treat said obligations as an ongoing amortizing obligation. In the event of default to a secured creditor, the creditor occasioning said default shall give the debtor 30 days notice of default and opportunity to cure; if said default is not cured within said period, the creditor shall be entitled to relief from the stay under this Plan, and may enforce any state law foreclosure or collection rights that may exist in the security documents between the parties.

/s/ Larry B. Feinstein

_____

Attorney for Debtor(s)

Plan and Disclosure Statement 13

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355